CHAMBERS *v.* HOLLAND.[*]

*(Circuit Court, E. D. Missouri. April 4, 1882.)*

REMOVAL OF CASES FROM STATE COURTS—SECTION 2 OF THE ACT OF MARCH 3, 1875, CONSTRUED.

A case cannot be removed from a state court to a circuit court of the United States, as to one defendant, and left pending in the state court as to another.

Motion to Remand.

This suit was originally brought in the St. Louis circuit court against Clinton M. Swope and Joseph B. Holland. The latter sues to

[*]Reported by B. F. Rex, Esq., of the St. Louis bar.

remove the cause, so far as he is concerned, to this court. The plaintiff asks to have the cause remanded because the federal statutes do not authorize the removal of a part of a cause; and for other reasons. The other material facts are sufficiently stated in the opinions of the court.

*Brodhead, Slaybeck & Haeussler,* for plaintiff.

*S. M. Smith,* for defendant.

McCRARY, C. J. It is understood that this is an attempt to remove a *part* of the case from the state court. One defendant seeks to remove the cause so far as he is concerned, leaving the case as against the other defendant to go on in the state court. This is attempted under the provisions of section 639 of the Revised Statutes of the United States, and the proceeding is sought to be upheld under that section upon the ground that there is a controversy between the defendant removing and the plaintiff (citizens of different states) which can be finally determined "without the presence of the other defendant," who is a citizen of this state. This is denied; but without considering the question whether it be so or not, let us inquire whether, as the law now stands, the case can under any circumstances be split, and one portion tried here and the other in the state court. This inquiry involves a decision of the question whether the second section of the act of March 3, 1875, repeals or modifies section 639 of the Revised Statutes. That section, among other things, provides as follows:

"When the suit is against an alien and a citizen of the state wherein it is brought, or is by a citizen of such state against a citizen of the same and a citizen of another state, it may be removed, as against said alien or citizen of another state, upon the petition of such defendant filed at any time before the trial or final hearing of the cause, if, so far as it relates to him, it is brought for the purpose of reinstating or enjoining him, or is a suit in which there can be a final determination of the controversy, so far as concerns him, without the presence of the other defendants as parties in the cause."

This statute undoubtedly authorizes the removal of parts of a cause, and if it remains in full force the present cause, so far as it concerns the defendant removing, is properly here; assuming, of course, that in so far as it concerns him it can be heard and determined without the presence of his co-defendants. But the latter act of March 3, 1875, deals with the same subject, and the question is whether it does not supersede and modify the entire statute; at least, so far as to require the removal of the whole case, if any part of it

is removed. Section 2 of that act provides for the removal of causes involving the sum or value of $500 or more, and "in which there shall be a controversy between citizens of different states," and then proceeds as follows:

"And when, in any suit mentioned in this section, there shall be a controversy which *is wholly* between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove *said suit* to the circuit court of the United States for the proper district."

We *italicise* the words "said suit," in the above quotation, because we think they were intended to provide for the removal of the whole suit, and not a part of it. The provision manifestly applies to the same class of cases described in the act of 1866, and embodied in section 639, Rev. St., above quoted. It may well be supposed that the evils growing out of the practice of attempting to try different parts of the same suit in different forms led congress to so change the statute as to put an end to that practice. For some purposes the act of 1866 may remain in force, but in so far as it authorizes the severance of causes in the state court, and the transfer of a part to the federal court for trial, it is superseded by the act of 1875. Motion sustained.

Treat, D. J., *concurring.* While I fully concur that the motion to remand must be sustained, it may be well to add a few suggestions in support thereof. Under the act of 1866 it had been held, with sharp dissents, that a cause pending in a state court could be split into parts, some of which parts could be heard by removal in the United States courts and the others proceeded with in the state courts. Hence this unseemly condition of a cause would prevail in many instances, viz.: That the federal court would try the cause as to one defendant and the state court try the same cause at the same time against the other defendants, to the great accumulation of costs and expenses, and the possible determination of the rights of the parties differently, so that one party would have his cause adjudicated in one way in the federal forum, and the other in a different way in the state forum.

Under such splitting process each court had full jurisdiction of the parties before it, and could proceed to final judgment. Thus it might be that two parties jointly sued and jointly liable would be left, through separate and final judgments, in entirely distinct positions, although their obligations or differences were the same. If judgment in the state court was for the remaining defendant there,

why should he not have the benefit of the judgment in his favor irrespective of what had been determined against the other defendant in the federal forum, and *vice versa?* The anomalies of such proceedings, which many courts held to be allowable, led to the change of the rule as indicated in the act of 1875. My views of the true construction of the act of 1866 were sharply expressed in a dissenting opinion of years ago; but the right to a split in cases under the act of 1866 having afterwards been upheld judicially, it became necessary to correct the mischief by statute.

The act of 1875 must be interpreted with reference to all its provisions and to the mischief to be corrected. By its terms the original jurisdiction of federal courts was enlarged far beyond what had previously existed; designed apparently to cover the full sweep of the federal constitution. The first section of that act, which pertains to jurisdiction on the ground of the citizenship of the parties merely, states what, in the light of federal decisions, had a final and definite meaning, viz., that all necessary parties, plaintiff or defendant, should be citizens of different states.

The long line of federal decisions on that subject need not be cited or reviewed, for they are familiar to all. The question of original jurisdiction having been thus established by the first section, the second proceeded to state what cases pending in the state court could be removed.

As the jurisdiction of the federal courts could not, even by an act of congress, be made to transcend constitutional limits, the act in question prescribed what should, within constitutional limitations, confer original jurisdiction, and what federal courts might obtain through removals. It is obvious that what congress could not confer as original jurisdiction it could not confer through removals. If all the parties must be citizens of different states except when merely formal, why let some of the parties respectively remove the cause as to them, when it could not be wholly determined without the presence of others? The language of the second section is that where a case is pending in a state court in which there is "a controversy between citizens of different states," etc., "either *party* may remove," etc. What is meant by a "party?" Any one of many plaintiffs or defendants, having his co-plaintiffs or co-defendants in the state court still to pursue or be pursued there, as the case might require, irrespective of the legal fact that the case could not be decided in either court without all of the plaintiffs or defendants? That no such absurdity was contemplated is clear from the language which

follows in the same section, viz.: "And when, in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different states, and which may be fully determined as between them, then either one or more of the plaintiffs or defendants, actually interested in such controversy, may remove," etc.

The question presented under the language last quoted called for a judicial interpretation of the words "wholly between citizens of different states." Suppose some of the plaintiffs are citizens of the same state as the defendant and the other plaintiffs are not, or that some of the plaintiffs are non-resident and others resident, and some of the defendants are resident and others non-resident, can any one of said plaintiffs or defendants remove the case? Is not the old rule recognized, viz., that where all the plaintiffs and all the defendants are citizens of different states, then the case is one of which a federal court would have jurisdiction if originally brought therein, and, recognizing that rule when a like case is instituted in a state court, either one of the plaintiffs or defendants in such a case may remove the entire suit? If that be not the true construction of the act of 1875, the former anomalies, and even worse, would prevail.

The term "wholly" should apply to the relationship of the parties plaintiff and defendant. A citizen of this state suing, in conjunction with other and necessary plaintiffs, who are citizens of another state, citizens of this state should not at the mere instance of a co-plaintiff, nor should such citizen defendants, be forced in a foreign jurisdiction. Certainly the citizens of a state are to be considered in such matters as well as non-residents. The case now here is one for libel; once tried in the state court and removed subsequently. Whether the facts would enable the case to be removed, on the ground of time, is not now considered; for no point is made therein. One of the two alleged wrong-doers asks the case to be moved as to him, leaving his co-defendant, who is a citizen of the same state as plaintiff, to pursue the controversy between them in the state court, while the plaintiff is brought here to pursue the other wrong-doer in this forum. Thus the one case, split into two parts, is to proceed at the same time in two different forums. The plaintiff is entitled, if he prevails, to a judgment against both defendants, although he can have only one satisfaction. If the removal is permissible by one, can his case be "wholly" determined with that one only present, or can it be said that the controversy is "wholly between citizens of different states."

But the points involved have been fully discussed and settled by the United States supreme court in the cases of *Barney* v. *Latham,* 103 U. S. 205, and *Blake* v. *McKim,* Id. *336;* and hence these comments might have been spared, as they seek only to enforce the reasons and the rules therein expressed.

The motion to remand is sustained.